# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| IN RE: **CARMEN MONTANEZ FLORES** | CASE NO: **16-08136-ESL** |
|---|---|
| Debtor(s) | Chapter 13 |

## STANDING CHAPTER 13 TRUSTEE §341 MEETING MINUTES AND REPORT ON CONFIRMATION

Petition Filing Date: **10/11/2016**  
Days From Petition Date: **30**  
910 Days Before Petition: **04/15/2014**  
Chapter 13 Plan Date: **10/11/2016** ☐ Amended  
This is Debtor(s) 1 Bankruptcy petition.  
Payment(s) ☐ Received or ☐ Evidence shown at meeting:  
Check/MO# 17506646263  
Date: 11/9/2016   Amount: $ 150.00

First Meeting Date: **11/10/2016 at 2:00PM**  
341 Meeting Date: **11/10/2016 at 2:00PM**  
Confirmation Hearing Date: **12/16/2016 at 11:00AM**  
Plan Base: **$0.00**   Plan Docket **#2**  
This is the 1 scheduled meeting.  
Total Paid In: **$0.00**

*APPEREANCES: ☐ Telephone   ☐ Video Conference  
Debtor: ☑ Present ☐ Absent ☑ ID & Soc. OK    Joint Debtor: ☐ Present ☐ Absent ☐ ID & Soc. OK  
☑ Examined   ☐ Not Examined under Oath       ☐ Examined   ☐ Not Examined under Oath  
Attorney for Debtor(s): ☐ Not Present  ☑ Present  
Name of Attorney Present (Other than Attorney of Record): _____  
☐ Pro-se  
☐ Creditor(s) Present      ☑ None

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:  
Attorney of Record: **ROBERTO ARISTIDES FIGUEROA COLON***  
Total Agreed: **$3,000.00**   Paid Pre-Petition: **$242.00**   Outstanding (Through the Plan): **$2,758.00**

*TRUSTEE'S REPORT ON CONFIRMATION & STATUS OF §341 MEETING  
Debtor(s) Income is (are) ☑ Under  ☐ Above Median Income       Liquidation Value: $ 0.00  
Commitment Period is    ☑ 36 months   ☐ 60 months §1325(b)(1)(B)    Projected Disp. Inc.: $ N/A  
The Trustee:    ☐ NOT OBJECTS    ☑ OBJECTS   Plan Confirmation   Gen. Uns. Approx. Dist.: 47.78 %

§341 Meeting ☐ CONTINUED ☐ NOT HELD ☒ CLOSED ☐ HELD OPEN FOR ____ DAYS

§341 Meeting Rescheduled for:_____

Comments:
_____

---

*TRUSTEE'S OBJECTIONS TO CONFIRMATION: NOTICE: LBR 3015-2(c)(6) The debtor must within seven (7) days after service of the objection file either: (A) an amended plan that addresses each objection; or (B) a reply setting forth the facts and legal arguments that give rise to the reply in sufficient detail to allow each objector, if possible, to reconsider and withdraw its objection.

[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]

-Debtor must provide evidence that he will continue to receive PAN income after November, 2016.

[1325(a)(4)] Plan fails Creditors Best Interest Test.

- Debtor must amend the Schedule A/B to clarify that her interest over parent's estate is divided between 12 heirs.
- Debtor must amend the Schedule A/B to list a bank account she shares with her brother because she is the tutor under the Social Security Administration. She must submit copy of bank account statement to demonstrate that the account is for the administration of her brother's social security benefits.

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

- Fails to disclose income.
- Fails to increase plan payments after concluding secured loan(s) payments.

-As per income evidence provided by debtor, it has been determined that the monthly income is higher than the amount informed in Schedule I and Means Test. Debtor must made the corresponding amendments.

-Debtor has failed to disclose the maturity date of spouse AEELA Loan. If said loan(s) mature within the life of the plan the plan must be amended in order to include a step up in the corresponding month.

- Debtor has failed to list contribution from partner in Mean Test.

*OTHER COMMENTS / OBJECTIONS

Mueblerias Berrios, secured creditor provided for in the plan, is yet to file its proof of claim. Said creditor will not participate from the disbursements until it files its claim. In absence of such claim Debtor must submit evidence of the secured status of said creditor in order to confirm that the treatment being provided does not constitute unfair discrimination against other parties in the case.

---

/s/ Jose R. Carrion, Esq.   Meeting Date: Nov 10, 2016

Trustee

/s/ Mayra Arguelles, Esq., Presiding Officer